# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BANK OF BREWTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0176-WS-B |
| | ) |
| THE TRAVELERS COMPANIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion to dismiss the defendants' counterclaim for declaratory relief. (Doc. 36). The parties have filed briefs in support of their respective positions, (Docs. 37, 42, 43), and the motion is ripe for resolution.

The complaint alleges that the defendants breached a contract of insurance and refused in bad faith to pay the plaintiff's claim. (Doc. 17 at 41-42). The counterclaim quotes a policy provision, asserts that the plaintiff's loss fails to meet two of the stated requirements for coverage, and seeks a declaration either that the defendants are not obligated to the plaintiff on its claim or, in the alternative, establishing the amount owed on the claim. (Doc. 21 at 15-18).

The plaintiff's motion invokes Rules 12(b)(6) and 12(f). The plaintiff does not offer to explain how the counterclaim fails to state a claim for relief, so the Court focuses on Rule 12(f).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The plaintiff argues the counterclaim is a "mirror image" of the complaint and thus redundant, and it cites cases for the proposition that a counterclaim

completely redundant with the complaint may properly be eliminated by Rule 12(f). (Doc. 37 at 2).

The defendants respond that a counterclaim for declaratory relief is not redundant with the complaint when the counterclaim hinges on a particular construction of a disputed contract term, because dismissing the counterclaim might deprive the defendant of a judgment resolving the interpretation issue. (Doc. 42 at 2-3). The plaintiff acknowledges this line of cases but finds them inapplicable because the counterclaim does not expressly demand in its conclusion that a particular construction be given to either of the two contract terms it identifies as central to coverage. (Doc. 43 at 2). But the counterclaim does clearly hinge on the construction given the phrase, "acquired, sold or delivered or given value, extended credit or assumed liability on the fate of" the disputed document, since the defendants contend that the phrase requires that the insured "disburse … new loan funds to its customer based upon the assumed validity" of the document (which apparently did not occur) and that the phrase is not satisfied when the insured merely requests the document as "additional collateral security for existing loans," as the defendants apparently maintain did occur.

Both sides recognize the "broad discretion" invested in the Court whether to strike even a questionable pleading. (Doc. 37 at 2; Doc. 42 at 1). Given the defendants' plausible invocation of a contract interpretation issue in the counterclaim, and given the plaintiff's inability to articulate any colorable prejudice from the presence of the counterclaim, the Court exercises its discretion in favor of retaining the counterclaim. *See* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1406 (3rd ed. 2004) ("[T]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.").

For the reasons set forth above, the plaintiff's motion to dismiss is **denied**.

DONE and ORDERED this 25th day of October, 2013.

                                    s/ WILLIAM H. STEELE
                                    CHIEF UNITED STATES DISTRICT JUDGE